**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| RUDOLPH J. GEIST, et al., | |
| Plaintiffs, | |
| v. | Case No. 8:16-cv-3630 |
| HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant Hispanic Information and Telecommunications Network, Inc. ("HITN"), by and through its undersigned attorneys, Quinn Emanuel Urquhart & Sullivan, LLP and Kaiser Dillon PLLC, answers, upon knowledge as to itself and its own acts, and otherwise upon information and belief, the Second Amended Complaint ("SAC") of Rudolph J. Geist, RJG Law LLC, a limited liability company under the laws of the District of Columbia, and RJG Law LLC, a limited liability company under the laws of Maryland (collectively "Plaintiffs"), as follows:

1. The allegations in paragraph 1 of the SAC state a legal conclusion which does not require a response. To the extent a response is required, HITN admits that it is a New York corporation but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the SAC and, on that basis, denies those allegations.

2. The allegations in the first sentence of paragraph 2 of the SAC state a legal conclusion which does not require a response. To the extent a response is required, HITN denies the allegation in the first sentence of paragraph 2 of the SAC. The allegations in the second sentence of paragraph 2 of the SAC state a legal conclusion which does not require a response. To

the extent a response is required, HITN admits that it is not a resident of Maryland, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 2 of the SAC and, on that basis, denies those allegations.

3. HITN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the SAC and, on that basis, denies those allegations.

4. HITN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the SAC and, on that basis, denies those allegations.

5. The allegations in the third sentence of paragraph 5 of the SAC state a legal conclusion which does not require a response. To the extent a response is required and as to the remainder of paragraph 5 of the SAC, HITN lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies those allegations.

6. HITN admits the allegations in paragraph 6 of the SAC.

7. Paragraph 7 of the SAC sets forth legal and factual statements to which no response is required, but to the extent a response is required, HITN denies the allegations in paragraph 7 of the SAC.

8. Paragraph 8 of the SAC sets forth legal and factual statements to which no response is required, but to the extent a response is required, HITN denies the allegations in paragraph 8 of the SAC.

9. Paragraph 9 of the SAC sets forth legal and factual statements to which no response is required, but to the extent a response is required, HITN denies the allegations in paragraph 9 of the SAC.

10. Paragraph 10 of the SAC sets forth legal and factual statements to which no response is required, but to the extent a response is required, HITN denies the allegations in paragraph 10 of the SAC.

11. Paragraph 11 of the SAC sets forth legal and factual statements to which no response is required, but to the extent a response is required, HITN denies the allegations in paragraph 11 of the SAC.

12. Paragraph 12 of the SAC sets forth legal and factual statements to which no response is required, but to the extent a response is required, HITN denies the allegations in paragraph 12 of the SAC.

13. HITN denies the allegations in the first, second, third, fourth, fifth, and sixth sentences of paragraph 13 of the SAC. HITN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh, eighth, and ninth sentences of paragraph 13 of the SAC and, on that basis, denies those allegations. HITN denies the allegations in the final sentence of paragraph 13 of the SAC.

14. HITN denies the allegations in the first sentence paragraph 14 of the SAC, except that HITN admits that it, directly and through wholly owned limited liability companies, now holds FCC authorizations for a spectrum portfolio of 90 EBS licenses covering a significant number of metropolitan areas in the United States, including Puerto Rico. HITN admits the allegations in the second sentence of paragraph 14 of the SAC.

15. HITN denies the allegations in the first, second, and third sentences of paragraph 15 of the SAC and respectfully refers the Court to the relevant Individual Use Agreements for an accurate description of their terms. HITN lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in the final sentence of paragraph 15 of the SAC and, on that basis, denies those allegations.

16. HITN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the SAC and, on that basis, denies those allegations.

17. HITN denies the allegations in the first sentence of paragraph 17 of the SAC. HITN admits the allegations in the second sentence of paragraph 17 of the SAC.

18. HITN denies the allegations in paragraph 18 of the SAC.

19. HITN denies the allegations in paragraph 19 of the SAC.

20. HITN denies the allegations in paragraph 20 of the SAC.

21. HITN denies the allegations in paragraph 21 of the SAC.

22. HITN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the SAC and, on that basis, denies those allegations.

23. HITN denies the allegations in paragraph 23 of the SAC.

24. HITN denies the allegations in paragraph 24 of the SAC.

25. HITN denies the allegations in the first sentence of paragraph 25 of the SAC, except that HITN admits that Mr. Guerra sent Mr. Geist an email dated April 25, 2012 that included the words "your changes are fine," but rejects Plaintiffs' attempt to use this quote out of context, and respectfully refers the Court to the contents of the email. HITN denies the second sentence of paragraph 25 of the SAC, except that HITN admits that the Services Agreement was dated April 25, 2012.

26. HITN denies the allegations in paragraph 26 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

27. HITN denies the allegations in paragraph 27 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

28. HITN denies the allegations in paragraph 28 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

29. HITN denies the allegations in paragraph 29 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

30. HITN denies the allegations in paragraph 30 of the SAC.

31. The allegations in paragraph 31 of the SAC state legal conclusions to which no response is required. To the extent a response is required, HITN denies the allegations in paragraph 31 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

32. HITN denies the allegations in paragraph 32 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

33. HITN denies the allegations in paragraph 33 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

34. The allegations in paragraph 34 of the SAC state a legal conclusion to which no response is required. To the extent a response is required, HITN denies the allegations in paragraph 34 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

35. HITN denies the allegations in paragraph 35 of the SAC.

36. HITN denies the allegations in paragraph 36 of the SAC.

37. Paragraph 37 of the SAC states a legal conclusion as to which no response is required; to the extent a response is required, HITN denies the allegations in paragraph 37 of the SAC.

38. HITN denies the allegations in paragraph 38 of the SAC.

39. The allegation in the first sentence of paragraph 39 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, HITN denies the allegation in the first sentence of paragraph 39 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms. HITN denies the remaining allegations in paragraph 39 of the SAC.

40. [Intentionally left blank]

41. [Intentionally left blank]

42. [Intentionally left blank]

43. HITN denies the allegations in paragraph 43 of the SAC, including on the basis and to the extent it states a legal conclusion.

44. HITN denies the allegations in paragraph 44 of the SAC.

45. HITN denies the allegations in paragraph 45 of the SAC.

46. HITN denies the allegations in paragraph 46 of the SAC.

47. HITN denies the allegations in paragraph 47 of the SAC.

48. HITN denies the allegations in paragraph 48 of the SAC.

49. HITN denies the allegations in paragraph 49 of the SAC.

50. HITN denies the allegations in paragraph 50 of the SAC and respectfully refers the Court to the settlement agreement and other communications referred to therein for an accurate description of their terms.

51. HITN denies the allegations in paragraph 51 of the SAC.

52. HITN denies the allegations in paragraph 52 of the SAC.

53. HITN denies the allegations in paragraph 53 of the SAC, except that HITN admits that Jose Rodriguez ceased acting as CEO in January 2014.

54. HITN denies the allegations in paragraph 54 of the SAC, except that HITN admits that the Services Agreement was terminated by March 3, 2014 at the latest.

55. HITN denies the allegations in paragraph 55 of the SAC.

56. HITN denies the allegations in paragraph 56 of the SAC.

57. HITN denies the allegations in paragraph 57 of the SAC except admits that Mr. Paul spoke with Mr. Geist in mid-January 2016.

58. HITN denies the allegations in paragraph 58 of the SAC, except admits that Mr. Nieves spoke with Mr. Geist in mid-January 2016.

59. HITN denies the allegations in paragraph 59 of the SAC, except that HITN admits that it concluded a transaction with Clearwire in June 2016.

60. HITN denies the allegations in paragraph 60 of the SAC, except that HITN admits that on August 3, 2016, the FCC's Wireless Telecommunications Bureau (the "FCC") issued a public notice that it had granted thirty-one license assignment applications concerning assignments from HITN to Clearwire, and on August 31, 2016, the FCC issued a public notice that it had granted two further license assignment applications concerning assignments from HITN to Clearwire.

61. HITN denies the allegations in paragraph 61 of the SAC

62. HITN denies the allegations in the second sentence of paragraph 62 of the SAC. The allegations in the remaining sentences in paragraph 62 of the SAC state legal conclusions to

which no response is required. To the extent that a response is required, HITN denies the allegations in the remaining sentences in paragraph 62 of the SAC, and respectfully refers the Court to the Services Agreement for an accurate description of its terms.

63. HITN denies the allegations in paragraph 63 of the SAC.

## COUNT I
## Breach of Contract

64. With respect to paragraph 64 of the SAC, HITN re-states and re-asserts as if set forth fully herein all of its responses to each and every allegation set forth above.

65. The allegations in paragraph 65 of the SAC state a legal conclusion to which no response is required.

66. The allegations in paragraph 66 of the SAC state a legal conclusion to which no response is required.

67. The allegations in paragraph 67 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, HITN denies the allegations in paragraph 67 of the SAC.

68. HITN denies the allegations in paragraph 68 of the SAC.

69. HITN denies the allegations in paragraph 69 of the SAC.

70. HITN denies the allegations in paragraph 70 of the SAC.

71. HITN denies the allegations in paragraph 71 of the SAC.

## COUNT II
## Breach of Contract

72. [Intentionally left blank]

73. [Intentionally left blank]

74. [Intentionally left blank]

75. [Intentionally left blank]

76. [Intentionally left blank]

77. [Intentionally left blank]

78. [Intentionally left blank]

## COUNT III
## Breach of Contract

79. With respect to paragraph 79 of the SAC, HITN re-states and re-asserts as if set forth fully herein all of its responses to each and every allegation set forth above.

80. HITN denies the allegations in paragraph 80 of the SAC.

81. HITN denies the allegations in paragraph 81 of the SAC.

82. HITN denies the allegations in paragraph 82 of the SAC.

83. HITN denies the allegations in paragraph 83 of the SAC.

84. HITN denies the allegations in paragraph 84 of the SAC.

85. HITN denies the allegations in paragraph 85 of the SAC.

86. HITN denies the allegations in paragraph 86 of the SAC.

87. HITN denies the allegations in paragraph 87 of the SAC.

## COUNT IV
## Breach of Contract (Breach of Duty of Good Faith and Fair Dealing)

88. [Dismissed.]

89. [Dismissed.]

90. [Dismissed.]

91. [Dismissed.]

92. [Dismissed.]

## COUNT V
### Declaratory Judgment

93. [Dismissed.]

94. [Dismissed.]

95. [Dismissed.]

## COUNT VI
### Unjust Enrichment

96. [Dismissed.]

97. [Dismissed.]

98. [Dismissed.]

99. [Dismissed.]

100. [Dismissed.]

## GENERAL DENIALS

Unless specifically admitted above, HITN denies each and every allegation in the SAC. HITN further denies that Plaintiffs are entitled to judgment in their favor or for any relief, including the relief requested at paragraphs A through E of Plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, HITN alleges the following facts upon knowledge as to itself and its own acts, and otherwise upon information and belief, and asserts the following defenses with respect to the SAC:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
(Waiver)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE
(Recoupment)

HITN is entitled to recoupment up to the full amount of any recovery awarded to Plaintiffs.

Mr. Geist engaged in malpractice and breached his fiduciary duties by representing HITN, even though he had severe conflicts. At the same time Mr. Geist and RJG Law LLC represented HITN in its business dealings with Clearwire, including by assisting HITN with the negotiation of agreements with Clearwire such as the Master Spectrum Acquisition Agreement, as amended, and the Spectrum Option Agreement [SAC ¶ 15], businesses co-owned by Mr. Geist entered into contractual agreements with Clearwire and profited from business transactions between Clearwire and HITN. The transactions Mr. Geist wrongfully profited from included some of the IUAs that Plaintiffs allege are "central to [the SAC]." [SAC ¶ 15]. Upon information and belief, while he was counsel for HITN, Mr. Geist's business entities earned over $2 million from Clearwire from transactions between Clearwire and HITN. Mr. Geist and his businesses were financially incentivized by Clearwire to lower the price Clearwire paid HITN as part of certain spectrum

transactions and they stood to gain financially if Clearwire's stock price increased. This representation was improper and unlawful under the applicable ethics rules.

At the same time Mr. Geist and RJG Law LLC was working on behalf of HITN pursuant to the Services Agreement, Mr. Geist owned a substantial number of shares of Clearwire stock, shares he obtained due to his prior unethical conduct. As a holder of a substantial number of shares, he could not ethically continue to represent HITN as he had an interest in maximizing the value of Clearwire at the same time he was supposed to be representing HITN against Clearwire.

Plaintiffs should be required to return all monies HITN paid to them, any monies HITN is found to owe them as well as all profits or income they wrongfully obtained by virtue of the work performed despite the existence of disqualifying conflicts of interest.

**SEVENTH AFFIRMATIVE DEFENSE**
(Statute of Frauds)

Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

**EIGHTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**
(Unjust Enrichment)

Plaintiffs' claims are barred, in whole or in part, in that an award in Plaintiffs' favor would constitute unjust enrichment.

**TENTH AFFIRMATIVE DEFENSE**
(No Breach of Contract)

Plaintiffs' claims are barred, in whole or in part, because HITN did not breach the terms of the contract.

### ELEVENTH AFFIRMATIVE DEFENSE
(Failure to Perform the Contract)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to comply with the terms of the contract.

### TWELFTH AFFIRMATIVE DEFENSE
(Failure of Consideration)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to comply with the terms of the contract resulting in a failure of consideration.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Implied Covenant of Good Faith)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs violated the implied covenant of good faith and fair dealing.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Failure to Disclose)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to disclose material information necessary to comply with the terms of the contract.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Unconscionability)

Plaintiffs' claims are barred, in whole or in part, because any award in Plaintiffs' favor would be unconscionable.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Fraud and illegality)

Plaintiffs' claims are barred, in whole or in part, by virtue of their own fraud and illegality, and the illegality of the contract terms as alleged.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Payment)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have received payment as required.

### NINETEENTH AFFIRMATIVE DEFENSE
(Release)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have released their claims.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

HITN gives notice that it intends to rely on such other further defenses as may be revealed and become available during pretrial proceedings in this action and hereby reserves all rights to amend this Answer and assert all such defenses.

### JURY DEMAND

HITN hereby demands a jury trial on all issues so triable.

Dated: March 20, 2018        Respectfully submitted,


        */s/ William Pittard*

        William Pittard, D. Md. Bar No. 16155
        **KAISER DILLON PLLC**
        1401 K Street, NW, Suite 600
        Washington, DC  20005
        Telephone:    (202) 683-6150
        Facsimile:    (202) 280-1034
        wpittard@kaiserdillon.com

        Isaac Nesser, *pro hac vice*
        Corey Worcester, *pro hac vice*
        Anthony P. Marzocca, *pro hac vice*
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        51 Madison Avenue, 22nd Floor
        New York, NY 10010

       Telephone:    (212) 849-7000
       Facsimile:    (212) 849-7100
       isaacnesser@quinnemanuel.com
       coreyworcester@quinnemanuel.com
       anthonymarzocca@quinnemanuel.com

       Robert J. Becher, *pro hac vice*
       **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
       865 South Figueroa Street, 10th Floor
       Los Angeles, CA 90017
       Telephone:    (213) 443-3000
       Facsimile:    (213) 443-3100
       robertbecher@quinnemanuel.com

       *Counsel for Defendant Hispanic Information and*
       *Telecommunications Network, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2018, I filed via the Court's CM/ECF system the foregoing Defendant's Answer to the Second Amended Complaint, and I understand that the system caused service of that document on counsel for all parties to this action.

*/s/ William Pittard*
William Pittard