

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
Paula Xinis
UNITED STATES DISTRICT JUDGE

6500 Cherrywood Lane
Greenbelt, MD 20770
(301) 344-0653

September 14, 2018

Re:   16-3630, *Geist et al. v. Hispanic Information and Telecommunications Network, Inc.*

### LETTER ORDER

This letter order memorializes the matters discussed during today's telephone conference. For the reasons stated on the record, the parties are hereby ordered to further meet and confer to narrow the universe of disputed documents with regard to Hispanic Information and Telecommunications Network, Inc. ("HITN")'s claimed attorney-client privilege. *See* ECF No. 68. Currently, the disputed documents largely relate to communications by or with Jonathan Guerra or Sabino Rodriguez involving the T2 Transaction. The Court expects that the parties can substantially narrow or eliminate the outstanding dispute as to these communications in light of today's conference.

To the extent that the parties cannot resolve the dispute entirely, HITN is ordered to produce by **close of business (5:00 p.m.) Monday, September 24, 2018**:

1. Complete and accurate updated privilege log(s) to Plaintiffs; and
2. By hand delivery to chambers, the above-described privilege log(s) in electronic format with the underlying documents provided electronically in hyperlink format for the Court's *in camera* review.

The parties are free also to submit by letter pleading due on the same day, and not to exceed three (3) pages, any supplemental authority for the Court's consideration.

As to the documents related to the eight to nine Puerto Rico EBS Channels, HITN is also ordered to produce to Plaintiffs by no later than **Monday, September 24, 2018**, the documents created between January 2014 and June 30, 2016 related to Sprint/Clearwire's surrender of such channels in connection with the T2 Transaction.

The parties have resolved the dispute discussed at ECF No. 70 and so the Court takes no action on the matter.

Finally, the parties are reminded of their obligations to "communicate with each other in good faith throughout the discovery process to resolve disputes without the need for intervention by the Court." Loc. R. App. A(1)(f). Failure to engage in good faith attempts may result in this Court's imposing sanctions, including but not limited to, ordering the non-prevailing party to pay all reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(b)(2)(C).

Although informal, this correspondence constitutes an Order of the Court and shall be docketed as such.

        Sincerely,

        \_\_\_/S/_____
        PAULA XINIS
        United States District Judge